17-2196
Li v. Barr

BIA
Sichel, IJ
A205 028 762

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

SHUANGMEI LI,
*Petitioner,*

v.                                              17-2196
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Esq, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Shuangmei Li, a native and citizen of China, seeks review of a BIA's decision affirming an Immigration Judge's ("IJ") denial of Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Shuangmei Li,* No. A205 028 762 (B.I.A. June 22, 2017), *aff'g* No. A205 028 762 (Immig. Ct. N.Y. City Sept. 27, 2016).

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the credibility findings that the BIA did not consider, *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005), applying well established standards of review *see* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as

2

necessary to explain our decision to deny in part, and dismiss in part, the petition.

**Adverse Credibility Determination**

"[A] trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . . " 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Applying these standards, we conclude that substantial evidence supports the agency's adverse credibility determination here. The agency reasonably relied on Li's initial failure in her testimony to identify forced abortion as the primary basis for her asylum claim. When initially

3

asked by her counsel if she experienced persecution beyond being forced to have an intrauterine device ("IUD"), Li said no. Li subsequently discussed forced abortion only when reminded by counsel. The agency reasonably relied on this inconsistency, which related to the very basis of Li's claim, in concluding that Li was not credible. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's . . . silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal citation and quotation marks omitted)).

Li did not otherwise rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony . . . in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in

4

declining to credit the statements from Li's former husband and a cousin because the authors were not available for cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to spouse's letter because it was unsworn and from an interested witness). Nor did the agency err in declining to credit Li's hospital record of her abortion and fine receipt because these documents were not authenticated, and their authors were also not available for cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 218 214 n.5 (BIA 2010) ("[F]ailure to attempt to prove the authenticity of a document through [8 C.F.R. § 1287.6] or any other means is significant."), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). While 8 C.F.R. § 1287.6 is not the sole method for authenticating a foreign document*, see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir. 2005), Li failed to authenticate the documents here at issue in any manner.

While the agency may have placed too much weight on Li's failure to testify that family planning officials threatened to sterilize her and her husband, remand would be futile

because Li's failure to mention her forced abortion and to rehabilitate her testimony with reliable evidence provide substantial and sufficient evidence for the agency's adverse credibility determination. *See Hong Fei Gao*, 891 F.3d at 78, 82 (noting that remand warranted only if "we cannot confidently predict" that the IJ would have reached same decision absent the errors); *see also Xian Tuan Ye*, 446 F.3d at 295. This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

**Due Process**

Li argues that she was denied due process by the IJ's inadvertent failure to record parts of her testimony, identifying when she removed her first IUD and failing to mention her forced abortion. *See* 8 U.S.C. § 1229a(b)(4)(C); 8 CFR § 1240.47(requiring that immigration hearings "be recorded verbatim except for statements made off the record with the permission of the immigration judge"). Li did not exhaust this argument before the agency, and, thus, we deem it waived. We therefore dismiss this part of Li's claim for

6

lack of jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 117-18 (2d Cir. 2006), *amended by* 489 F.3d 104 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7